**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 01 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
_Little Rock_ **DIVISION**

CASE NO. 4:17CV503-JVH-BD

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Deere_

Jury Trial: ☑ Yes ☐ No
(Check One)

I.      Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.      Name of plaintiff: _Anthony Fowlkes_
ADC # _____
_Faulkner County Jail_
Address: _801 Locust Street, Conway, Ar. 72034_

Name of plaintiff: _N/A_
ADC # _____

Address: _N/A_

Name of plaintiff: _N/A_
ADC # _____

Address: _N/A_

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.      Name of defendant: _Tim Ryals_

Position: _Sheriff, Faulkner County_

Place of employment: _Faulkner County Sheriff's Office_

Address: _____

Name of defendant: _Gary Stewart_

Position: _Jail Doctor_

-4-

Place of employment: _Faulkner County Jail_

Address: _801 Locust Street, Conway, Ar, 72034_

Name of defendant: _N/A_

Position: _N/A_

Place of employment: _N/A_

Address: _N/A_

Name of defendant: _N/A_

Position: _N/A_

Place of employment: _N/A_

Address: _N/A_

II.   Are you suing the defendants in:

☐   official capacity only
☐   personal capacity only
☑   both official and personal capacity

III.   Previous lawsuits

A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ___   No ✓

B.   If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐   Parties to the previous lawsuit:

Plaintiffs: _N/A_

Defendants: _N/A_

☐   Court (if federal court, name the district; if state court, name the county):

_N/A_

☐   Docket Number: _N/A_

☐   Name of judge to whom case was assigned: _N/A_

☐   Disposition: (for example: Was the case dismissed?  Was it appealed?
Is it still pending?) _N/A_

☐   Approximate date of filing lawsuit: _N/A_

☐   Approximate date of disposition: _N/A_

IV.   Place of present confinement: _Faulkner County Jail, 801 Locust Street, Conway, Ar. 72034_

V.   At the time of the alleged incident(s), were you:
(check appropriate blank)

_✓_ in jail and still awaiting trial on pending criminal charges

_____ serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.   The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit.  There is a prisoner grievance procedure in the Arkansas Department of Correction, and in several county jails.  Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

A.   Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes _✓_   No _____

B.   Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure? _Jail staff never responded to the grievances._

Yes ✓   No ____

If not, why? *No response from Grievance, there is*
*No adequate grievance procedure here.*

VII.   Statement of claim

State here (as briefly as possible) the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

*Please review Memorandum In Support and*
*Exhibits A and B for full details of the*
*Claims, Statements, Grounds, Facts In Support*
*of each Ground. The Plaintiff is requesting*
*that the Federal Court will accept the facts*
*presented in the State Court Petition For*
*Writ of Habeas Corpus as actual basis*
*for this Civil Complaint.*

*The facts and Grounds presented in the*
*State Petition are actual Grounds for relief*
*pursuant to Title 42 U.S.C. Section 1983*
*for violations of Civil and Constitutional*
*rights protected by the Eighth and Fourteenth*
*Amendments.*

VIII.   Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

*The Plaintiff is seeking the same relief that was requested in the State Petition For Writ of Habeas Corpus. See, Exhibit A.*

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 23rd day of *August*, 20 17.

*Anthony Fowlkes*
*Plaintiff In Pro se*
Signature(s) of plaintiff(s)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

Anthony Fowlkes
                    Plaintiff,

V.                              CASE No _____
                                    Civil Complaint

Tim Ryals, Sheriff,
Faulkner County, et al.

MOTION TO ENTER EXHIBIT A
IN SUPPORT OF
TITLE 42 U.S.C. SECTION 1983

1.   The Plaintiff, Anthony Fowlkes, being in a pro se manner, is respectfully requesting to this Honorable Court to fully review the attached documents being presented as Exhibit A, the document being the actual Petition For Writ of Habeas Corpus that the Plaintiff did attempt to file with the Faulkner County Circuit Court.

2.   The Plaintiff states that all of the Grounds that are presented in the State Petition For writ of Habeas Corpus are the actual basis for this present filing to the United States District Court. Plaintiff

-1-

is further requesting that this Honorable Court will also fully review the "Facts Supporting" each of the Grounds presented in the State Petition For Writ of Habeas Corpus as being supporting facts for this present Civil Complaint.

3. The Plaintiff's Title 42 Section 1983 Civil Complaint against the named Respondents/Defendants is for actual violations of the Eighth and Fourteenth Amendments of the United States Constitution as it is clearly and fully stated throughout the Exhibit that is attached here to this present Motion. The Plaintiff is of the belief that with all the facts presented, this Court will be able to determine the merits of each and every claim presented now and was attempted to be presented to the Faulkner County Circuit Court. The Respondents/Defendants did in fact "block" the Plaintiff's access to the State Court by refusal to provide a Notary stamp so the State Court would reject the Plaintiff's Petition.

4. With all of the facts presented here in and attached here to, the Plaintiff prays that this Honorable Court will in fact issue an ORDER upon the Respondents/Defendants named herein

-2-

to answer the claims stated against them in this matter. The Plaintiff is extremely limited on obtaining copies, postage and any other materials needed to pursue this matter, as such, the Plaintiff further prays that the Court will order Respondents/Defendants not to obstruct the access to the Courts any further. Plaintiff request any other relief the Court deems proper at this time.

Respectfully Submitted

Dated this 23rd day of
August, 2017.

Anthony Fowlkes

## DECLARATION

I Anthony Fowlkes do hereby state that the foregoing is true and correct to the best of my knowledge.

Dated this 23rd day of
August, 2017.

Anthony Fowlkes

Faulkner County Jail
801 Locust Street
Conway, Ar, 72034

IN THE CIRCUIT COURT OF
FAULKNER COUNTY,
STATE OF ARKANSAS


ANTHONY FOWLKES,
                    Plaintiff,
VS.                        CASE NO. _____
                              (CIVIL ACTION)

TIM RYALS, SHERIFF,
FAULKNER County, Respondent.


## PLAINTIFF'S PETITION FOR
## WRIT OF HABEAS CORPUS

1.   Comes Now the Plaintiff, Anthony Fowlkes,
being in a pro se manner, respectfully presenting
to this Honorable Court the Plaintiff's Petition
For Writ of Habeas Corpus, with such being based
as Civil In Nature or a Civil Action. The Respondent,
Tim Ryals is the actual Sheriff of Faulkner
County and is fully responsible for all acts and or
actions of the Deputies named herein, is further
responsible for conditions of incarceration within
the County Jails within Faulkner County and
responsible for any lack of medical treatment
from the date of arrest to the present date.

- 1 -

## JURISDICTION

**2.** This Honorable Court does have total jurisdiction to hear the Plaintiff's formal Civil Complaint being brought pursuant to the laws founded through the use of the Petition For Writ of Habeas Corpus. The Plaintiff and Respondent as well as all others named herein do live within this Court's jurisdiction and all are employed by the Respondent, Sheriff, Tim Ryals.

3. All of the facts related to this complaint are filled within a timely manner, the basis of the complaint started on March 23rd, 2017 and the violations of the Plaintiff's Civil Rights are continuous and on going to this present date. As such, the Plaintiff is presenting his Civil Complaint in a proper and timely manner.

## ADDITIONAL RESPONDENTS

**4.** The Plaintiff can only identify some of the Respondents in part, however, the records of the case will clearly identify each of the Respondents in full.

A. Officer, Brinton Ramoly, was the first officer to arrive at the vacant lot the Plaintiff was working at. (See; Report For Actual Location)

    B. Officer Hall, First name unknown,

    C. Officer O'Kelly, First name unknown

    D. (Two other officers identy unknown)

    E. Lt. Durwin Lasker, Field officer

5.   The Officers listed in A through D were directly involved in violating the Plaintiff's Civil and Constitutional Rights, the officer listed in E was there after the facts this complaint is being based upon.

## GROUNDS FOR COMPLAINT

6. GROUND ONE: The initial arrest and detention on March 23rd, 2017, was in fact an illegal arrest and detention.

7. FACTS IN SUPPORT OF GROUND ONE: ON or about March 23rd, 2017, at approximately 10:00 A.m. the Sheriff's Deputies arrived at the job site that the Plaintiff was working at witch was a construction zone. Prior to the Deputie's arrival, the Plaintiff's pick up truck was stuck in the mud and the Plaintiff

had to use the construction tractor to push his pick up truck out of the mud. The Plaintiff's Fiancee, Elizabeth Branson, was in the pick up truck while the Plaintiff pushed it with the tractor, Because of the loud roar of the tractor, Plaintiff had to yell to his fiancee for her to hear him. At some point and time, the Sheriff's Deputies had incorrectly assumed that there was a domestic problem between the Plaintiff and his fiancee.

8.  Deputy, Brinton Ramoly was the first Deputy to arrive at the job site. The Plaintiff was working with the tractor across the creek from where the Deputy and his Fiancee were at, approximately 85 to 90 yards away. The Plaintiff got off of the tractor and walked up to the Deputy (Ramoly), to ask why he was there, the Deputy at that time placed hand cuffs on the Plaintiff and told him he is under arrest for domestic battery, third degree.

9.  At this time, the Plaintiff was never given an opportunity to question the basis for any type of arrest or read any type of miranda rights. The Deputy, Brinton Ramoly, immediately placed the Plaintiff in the back seat of the Sheriff's Car with his hands cuffed behind his back. There

was no domestic battery and no basis what so ever for any arrest to have been made. The actual arrest was in fact in total violation of the Plaintiff's Civil and Constitutional Rights and was an illegal arrest.

10. GROUND TWO: The Plaintiff did suffer actual injuries resulting from the aggressive brutality by the Sheriff Deputies after his actual arrest.

11. FACTS IN SUPPORT OF GROUND TWO: Deputy, Brinton Ramoly did cuff the Plaintiff with his hands behind his back and placed him in the back seat of the Deputy Sheriff Car. It was March 23rd and was a very warm day. The Deputy Knowing full well that all the car windows being rolled up and turning the air conditioner off, the tempture would rise quickly inside the car holding the Plaintiff. After several minutes, other Deputies arrived with the Plaintiff having no idea of why other Deputies were called. The Plaintiff made attempts to let any of the Deputies know that it was "hot" locked up inside the car and was having problems breathing. All of the Deputies ignored his pleas for air knowing full well what the Plaintiff needed. The only option the Plaintiff had to obtain air was to lay back in the

-5-

back seat and kicked the side window out with his feet. The Deputies could have prevented these actions had they either turned the air back on or have rolled a couple of windows down. The Plaintiff was being held on nothing more than a misdemeanor offense to start with, there was no risk in having the air on or windows rolled down.

12. Upon the Plaintiff kicking the window out so that he could get air and be able to breathe, the other Deputies stated herein rushed to the car, opened both back car doors and started hitting and attempting to pull him from the car from both sides at the same time. While being fully cuffed with his hands behind his back, one or two of the Deputies started using tazers on his leg areas. With the heat that had built up inside the car, the fact that the Plaintiff had to fight for air to breathe was fearful as it was without having four Deputies pulling on him, hitting on him, tazing him, which added even more pain to the over-all situation.

13. At no time is it ever justifiable for any type of officer or Deputy to use a Tazer on any person that is already hand cuffed behind their back as the Plaintiff was. Once the window was opened for the Plaintiff to obtain air, there were no other

-6-

resistence from the Plaintiff, there definately was No Need to use brutal and aggressive force, Tazers upon the Plaintiff, an additional head injury from being dragged from the back seat of the car and several cuts and abrations from being dragged for a few yards from the car.

14. The field Lt. Darwin Lasker was called to the location where the Sheriff Deputies had already tazed and beaten the Plaintiff, as soon as Lt. Lasker arrived and saw that it was "Anthony Fowlkes", (the Plaintiff) he asked the Deputies specifically, " I know this man, what did ya'll do to Violate him ?"

15. It is an actual fact that the Plaintiff was first "illegally" hand cuffed and falsely arrested on Non existant domestic charges, was placed and left in a hot car with no air, then was brutally attacked by at least four Deputies for several minutes. Everything that took place at the time and location where the Plaintiff was arrested was illegal, such did Violate the Plaintiff's Civil and Constitutional Rights and such did cause life long mental injuries that will require a life time of treatment.

16. GROUND THREE: The Plaintiff was totally denied his Civil and Constitutional Right to both medical and mental treatment after being placed in the care and custody of the Respondent, Tim Ryals

17. FACTS IN SUPPORT OF GROUND THREE: At the location where the Plaintiff was arrested, he did suffer from being locked inside of a hot car without proper air or ventilation, suffered from being schocked a few times with the tazers, received a head injury from being jerked from the car while handcuffed with his hands behind his back. After being jerked from the car, the Plaintiff was dragged for several yards on the pavement to another Deputy's car which caused even more cuts and abrations, none of these injuries were ever properly treated at anytime.

18. It is an actual medical fact that when most people, such as the Plaintiff, suffers from the type of brutal treatment he received by the law enforcement officials, such will cause a life long mental effect upon that person. Such is the fact in this case! The Plaintiff continues to wake up throughout the nights soaked in sweat from the nightmares resulting from the attack by the

-8-

Deputy Sheriffs on March 23rd, 2017. The Plaintiff has requested mental treatment through the jail staff and his request, to this date such has brought forth no results.

19. The Plaintiff has approximately 90 more days to serve on his "misdemeanor" offenses and will immediately seek the professional mental treatment that is required at this time. The full extent of the mental damage will be determined once the Plaintiff is able to obtain proper treatment of the mental injuries. The Respondent in the case is fully liable and responsible for any and all cost asscociated with the medical and mental treatment in this case.

20. GROUND FOUR: The over-all jail conditions within the Faulkner County Jail does amount to clear violations of the Eighth and Fourteenth Amendments of the United States Constitution.

21. FACTS IN SUPPORT OF GROUND FOUR: It is a well established fact of law that "any punishment" thats amounts to being "cruel and unusual" is a direct violation of that person's rights pursuant to the Eighth and Fourteenth Amendments

-9-

of the Constitution. That is the specific claim being made by the Plaintiff at this time. It is of actual record of what the actual Jail population was built to hold, a review of the Jail's population records throughout the full amount of time the Plaintiff has been in the Respondent's custody has been far above the amount allowed by law.

22. Prisoners are not allowed to take photos of "anything" within a jail so therefore, the Plaintiff can only attempt to detail the conditions of the Jail in writing. There are not enough beds for all of the prisoners so therefore, the ones reaching over the population limit "must" sleep on the floors of the cells or day rooms. Since the Plaintiff does not have any proper access to legal research materials, the Plaintiff is unable to direct the Court to the proper United States Supreme Court rulings that clearly determined that "over-crowded jails" do amount to cruel and unusual punishment when such as in this case .... places prisoners sleeping on the floors next to the toilets that are being used while they sleep next to them, the amount of food is far less than normal or required at every meal. Meals are mostly always served cold and far

below the daily required calorie amount. The over-all combination of three meals throughout the day "might" add up to between 1500 to 1800 calories per-day.

23. It is also a matter of law that all prisoners have the right to be heard, this includes but not limited to a proper grievance procedure. In this case, the Respondent does not provide a "proper grievance procedure" so therefore, prisoners have no choice "but" to file their formal complaints straight to the Court as the Plaintiff is doing in this case. It is an actual requirement for any prisoners attempting to file a Civil Complaint pursuant to Title 42 U.S.C. Section 1983 in the United States District Court, that prisoner "must" exhaust all administrative remedies first. By the Respondent not providing a "proper grievance procedure," such does obstructs the Plaintiff's access to filing his Civil Complaint pursuant to Title 42 U.S.C. Section 1983.

24. The Plaintiff has no actual knowledge of when the last time the Faulkner County Jails have been "properly inspected" by any State or Federal agency such as the Arkansas Commission on Jail Standards, the mold build up in the showers is

-11-

evidence that there has been No inspections or the Agency that did inspect did so with closed ears and closed eyes. The Respondent is clearly in violation of over population of the Jails, not serving proper meals, not providing proper medical, mental or dental care and has the prisoners sleeping in and around mold on the floors. All of such does amount to cruel and unusual punishment as protected by the Eighth and Fourteenth Amendments of the United States Constitution).

## CLOSING STATEMENT

25.  The Plaintiff, Anthony Fowlkes, has presented the facts of his case as best as possible in a pro se manner. The Plaintiff is requesting that a formal hearing be set so that the facts can be better presented on the record in person. The Plaintiff's father and fiancee both witnessed the brutal actions by the Sheriff's Deputies on March 23rd, 2017, both can be called to testify to the facts presented herein.

26.  Although this is a matter that could have been presented to the Federal Courts, the Plaintiff is in fact providing an opportunity for all matters to be resolved by the local Court

and at the same time, preserving each of the claims presented for Federal Court review if the matters are not resolved in the local Court.

27. It is clear by the facts that the actual arrest of the Plaintiff was illegal. The events leading up to the brutal attack by the Deputies were all "after" the fact of the illegal arrest. Had the illegal arrest never occurred, none of the events would have followed there after. The Plaintiff has greatly suffered from the injuries and will require a life long treatment from his injuries. As such, the Plaintiff is fully entitled to any and all relief requested herein.

## RELIEF REQUESTED

28. The Respondant, Tim Ryals, is the Sheriff of Faulkner County and is fully liable for the actions of his Deputies and fully responsible for over seeing the Jails that detain his prisoners. As such, the Plaintiff is seeking $300,000.00 in monetary damages and additionally, $300,000.00 in punitive damages directly related to the illegal arrest, the illegal tazing by Sheriff Deputies, the beating by other Deputies at the arrest location and failure to treat any and all injuries.

- 13 -

29. The Plaintiff further request that the Court determine, which of the other Deputies that is to be named as Respondents and are to be held accountable for their illegal actions. The Court is to determine any further monetary and punitive damages that the Deputies are to be held liable for.

30. The Plaintiff has been denied both medical and mental treatment, as such, the Plaintiff request that the Court orders the Respondent to provide full cost of any and all medical and mental treatment related to this matter.

31. The Plaintiff did raise the fact that the jail conditions are in fact "violation" of the Eighth and Fourteenth Amendments. As such, the Plaintiff request that the Court orders the Respondent reduce the over population, improve the food conditions, improve medical conditions and have all mold removed from the living areas within the Jail.

32. Wherefore the Plaintiff prays that this Honorable Court will fully grant any and all relief due to the Plaintiff.

Dated August 9th, 2017

Anthony Fowlkes

-14-

## PLAINTIFF'S DECLARATION

The Plaintiff, Anthony Fowlkes, do here by state under the penalty of perjury that all of the facts stated herein are true and correct to the best of my knowledge and belief. I do further state that I am unable to obtain a NOTARY stamp in a timely manner, I am incarcerated in the Faulkner County Jail and it takes several days and even weeks to obtain a NOTARY stamp upon any type of documents. As such, the Plaintiff is requesting that the Court will accept my Petition For Writ of Habeas Corpus in the manner is which it is presented for filing.

Respectfully Submitted

Dated this 9th day of August, 2017.

Anthony Fowlkes
Plaintiff In Pro se

## CERTIFICATE OF SERVICE

I, Anthony Fowlkes do hereby certify that the Original and two exact copies of the foregoing Petition For writ of Habeas Corpus was properly mailed to, Office of The Court Clerk, Faulkner County Circuit Courthouse, 510 South Germad Ln. , Conway, Ar. 72034.

Dated this 9th day of
August, 2017

Anthony Fowlkes
801 Locust St.
Conway, Ar. 72034

-16-

IN THE CIRCUIT COURT OF
FAULKNER COUNTY
STATE OF ARKANSAS

ANTHONY FOWLKES,
      Plaintiff,

VS.             CASE No._____

Tim Ryals, Sheriff,     (Civil Action)
And
Gary Stewart, Doctor,
      Respondents.

PLAINTIFF'S MOTION TO AMEND

PETITION FOR WRIT OF HABEAS CORPUS

1. Comes now the Plaintiff, Anthony Fowlkes, being in a pro se manner, respectfully seeking to Amend the Plaintiff's Petition For Writ of Habeas Corpus which named only Tim Ryals, Shreff of Faulkner County as the sole Respondent. The Plaintiff now finds it necessary to add an additional Respondent, Dr. Gary Stewart, employed by the Respondent, Tim Ryals.

2. The additional Respondent, Dr. Gary Stewart is fully liable and responsible for the care and

-1-

well being of the Plaintiff while he is incarcerated
by the Respondent, Tim Ryals. Dr. Gary Stewart
is also mandated by Civil and Constitutional
Laws to provide proper care, even to prisoners
since he did in fact accept employment at
the Jails to do so, Dr. Gary Stewart's improper
medical actions and refusal to properly treat
the Plaintiff also violates all medical and
health standards set forth by the Board of
Medical Examiners in and for the State of Arkansas.

## FACTS IN SUPPORT OF ADDING ADDITIONAL
## RESPONDENT, Dr. GARY Stewart

3. On or about July 10th, 2017, the Plaintiff was
attacked by inmate, Joe Staley who can also be
identified by his Social Security Number, 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
and continues to be detained in the Faulkner County
Jail. Inmate Staley is known to have hep-C, such
is an actual record with the medical department
here at the Faulkner County Jail. During the
attack upon the Plaintiff by inmate Staley,
Staley did bite the Plaintiff on his right side
of the face with such drawing blood from the
teeth cuts on Plaintiff's Face. This attack was
on video and the Jailers did take actual close
up photos of the bite injuries on the side

of the Plaintiff's Face. This attack did happen around 1:30 to 2:00 P.M. on the date of the incident. There was more than an ample amount of time that day to have brought the Plaintiff to a local hospital since there was "No Doctor" on duty at the Jail. The Plaintiff was never brought to a local hospital and "did not see any Doctor" till approximately 12 days "after" the injury from the bite.

4.  The Photo's and video of inmate, Joe Staley will have to be obtained by ORDER of the Court, such is actual evidence showing the seriousness of the bite and the need for immediate medical treatment, It is a fact that inmate Staley has hep-c, the Plaintiff could very well be contaminated with hep-c from the injury. The Plaintiff requested several times to be tested and properly treated for the bite with no results to this present date.

5.  It is a fact that Medical and mental treatment within the Faulkner County Jails is Non exisent! It being a fact that Dr. Gary Stewart is binded by Civil and Constitutional Laws to properly provide medical care and treatment to any and all prisoners since

Dr. Gary Stewart accepted the employment by Respondent Tim Ryals to be the private Doctor for treatment of prisoners.

6. Ever since the Plaintiff has been incarcerated in the Faulkner County Jail, he has been denied mental treatment from the beating and the tasering he received upon his actual arrest and denied medical treatment for his injuries then. The additional pain and suffering from being bitten on the face and very possibly infected for life with hep-c was also left untreated. It is clearly obvious that Dr. Stewart has totally neglected his obligated duties as an actual Doctor and should be held accountable for his refusal to treat the Plaintiff.

## CLOSING STATEMENT

7. It is a well established fact of law that every prisoner is entitled to having proper medical care, treatment and medications for both medical and mental needs. In this case, the Plaintiff was in fact denied medical and mental treatment every since the start of his incarceration in the Faulkner County Jail. Both, Tim Ryals and Dr. Stewart

-4-

are equally responsible for the care and treatment of the Plaintiff. It was further the obligation of the Sheriff, Tim Ryals to assure that the inmate, Joe Staley would be properly charged with the aggravated assault in biting the Plaintiff on the face with actual injury. To this present date, no charges have been made against Joe Staley.

8.   The Plaintiff is the victim of assault by Deputies, then as inmate with hep-c, then left to suffer without medical and mental treatment by both Respondents, Tim Ryals and Dr. Gary Stewart. The Plaintiff is requesting to Amend the Petition for Writ of Habeas Corpus to add Dr. Gary Stewart as an actual Respondent and to be held accountable for his refusal to treat the Plaintiff.

### RELIEF REQUESTED

9. Based on the fact that the Respondent, Dr. Gary Stewart did have ample opportunities to have provided proper medical care and neglected to do so, the Plaintiff is specifically seeking $250,000.00 in monetary damages and additionaly, $250,000.00 in punitive damages from the

-5-

Respondent, Dr. Gary Stewart. The Plaintiff is further requesting that the Court ORDER the Responden, Tim Ryals, Sheriff, to provide proper medical care and mental care for the Plaintiff by a Doctor other than Dr. Gary Stewart.

Wherefore the Plaintiff prays for any other releif that the Court deems to be proper at this time.

Respectfully Submitted

Dated this 16th day of

August, 2017                    Anthony Fowlkes

## PLAINTIFF'S DECLARATION

I, Anthony Fowlkes do hereby state under the penalty of perjury that all of the facts stated herein are true and correct to the best of my knowledge and belief.

Dated this 16th day of

August, 2017                    Anthony  Fowlkes

Faulkner County Jail

801 Locust street

Conway, Ar, 72034

-6-

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

LITTLE ROCK DIVISION

Anthony Fowlkes
                Plaintiff,

V.                              CASE NO.

                            Civil Action

Tim Ryals, Sheriff,

Faulkner County, etal.

## MOTION TO ENTER EXHIBIT B
## IN SUPPORT OF
## TITLE 42 U.S.C. SECTION 1983

1.  The Plaintiff, ~~Anthony Fowlkes~~, being in
a pro se manner, is respectfully requesting to
this Honorable Court to fully review the attached
documents being presented as Exhibit B, the
document being Plaintiff's Motion To Proceed IN
~~Forma Pauperis to the State Court, Faulkner County~~
Circuit Court, dated accordingly.

2.  The Plaintiff states that the document
attached hereto is actual "evidence" that the
Plaintiff did in fact make every possible attempt
to resolve any and all matters at the Jail and

- 1 -

state Court levels before reaching out to the Federal Court for help. Once the Circuit Court Clerk "rejected" the State Petition, the Plaintiff Did attempt to comply with the Court Clerk's instructions, however, the instructions "could not" be followed because the Jail Staff "refused" to provide a NOTARY stamp so that the Petition could be filed and processed.

3. As such, the Plaintiff prays that this Honorable Court will consider all of the facts and actual evidence presented and will grant Plaintiff any and all relief due to him at this time.

Respectfully Submitted

Dated this 23rd day of August , 2017.

Anthony Fowlkes

DECLARATION

I, Anthony Fowlkes , do hereby state that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 23rd day of August , 2017.

Anthony Fowlkes
Faulkner County Jail
801 Locust street
Conway, Ar. 72034

-2-

August 11, 2017


Anthony Fowlkes cell 307
801 Locust St
Conway, AR 72034

Dear Mr. Fowlkes:

Our office is unable to submit your Petition for Leave to Proceed In Forma Pauperis to
the Judge's office due to the following reason(s):

- ☐ Petition does not state what type of action you are filing

- ☐ Petition is not signed by Petitioner

- ☑ Affidavit is not complete

- ☑ Affidavit is not signed by Petitioner

- ☑ Affidavit is not notarized

- ☐ Copy of the complaint is not included

- ☑ Other: _No affidavit or Order for Judge to waive fee._

You may resubmit the paperwork after the proper updates have been made.

Regards,


Bekah Donohue
Deputy Clerk
Faulkner County Circuit Clerk's Office

*Need to fill out Coversheet as well.

**COVER SHEET**
**STATE OF ARKANSAS**
**CIRCUIT COURT: CIVIL**

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are available at https://courts.arkansas.gov.

County: _Faulkner_    District: _____    Filing Date: _____
Judge: _____    Division: _____    Case ID: _____

**Type of case (select one that best describes the subject matter)**

**Torts**
☐ (NM) Automobile
☐ (IT) Intentional
☐ (MP) Malpractice – Medical
☐ (MO) Malpractice – Other
☐ (LP) Premises – Liability
☐ (PL) Product Liability
☐ (DF) Slander/Libel/ Defamation
☐ (OD) Torts – Other

**Contracts**
☐ (BP) Buyer Plaintiff
☐ (EM) Employment Discrimination
☐ (EO) Employment – Other
☐ (DO) Seller Plaintiff (Debt Collection)
☐ (OC) Contract – Other

**Real Property**
☐ (CD) Condemnation/Eminent Domain
☐ (UD) Landlord/Tenant Unlawful Detainer
☐ (UO) Landlord/Tenant – Other
☐ (FC) Mortgage Foreclosure
☐ (QT) Real Property – Other

**Miscellaneous Civil**
☐ (AP) Administrative Appeal
☐ (EL) Election
☐ (FV) Foreign Judgment – Civil
☐ (FR) Fraud
☐ (IJ) Injunction
☐ (CF) Property Forfeiture
☐ (RF) Register Arkansas Judgment
☐ (WT) Writ - Other
☑ (OM) Civil – Other

| | Plaintiff | | Defendant |
|---|---|---|---|
| Company/ Last Name | _Fowlkes_ | Company/ Last Name | _Ryals_ |
| Suffix | | Suffix | |
| First Name | _Anthony_ | First Name | _Tim_ |
| DL/State ID | | DL/State ID | |
| Address | _801 Locust Street_ | Address | |
| City, State ZIP | _Conway, Ar. 72034_ | City, State ZIP | |
| Phone | | Phone | |
| Email | | Email | |
| Self-represented | ☑ Yes    ☐ No | Self-represented | ☐ Yes    ☐ No |
| DOB | | DOB | |
| Interpreter needed? | ☐ Yes: _____ (language) ☑ NO | Interpreter needed? | ☐ Yes: _____ (language) ☐ No |

Attorney of Record:_____    Bar #:_____
For the: ☐ Plaintiff    ☐ Defendant    ☐ Intervenor    Email Address:_____
Related Case(s): Judge: _____    Case ID(s):_____
Manner of filing (choose one): ☐ (MFO) Original    ☐ (MFR+case type) Re-open
☐ (MFT) Transfer    ☐ (MFF) Reactivate

6/1/2017

IN THE CIRCUIT COURT OF
FAULKNER COUNTY
STATE OF ARKANSAS

ANTHONY FOWLKES,
        Plaintiff,
VS.                    CASE NO. _____
                          (CIVIL ACTION)
TIM RYALS, SHERIFF,
FAULKNER COUNTY, Respondent.

PLAINTIFF'S MOTION TO PROCEED
IN FORMA PAULPERIS

Comes now the Plaintiff, Anthony Fowlkes, being in a pro se manner, respectfully requesting to this Honorable Court to be allowed to Proceed In Forma Pauperis with the filing of Plaintiff's Petition For Writ of Habeas Corpus. The Plaintiff's grounds for proceeding in Forma Paulperis is based on the following facts.

The Plaintiff is in fact incarcerated and has no income of his own to pay any filing fees or other cost associated with the process of the Petition For Writ of Habeas Corpus. The Plaintiff still has approximately

- 1 -

90 more days to serve on his present sentence before he will be able to seek employment.

The Plaintiff has presented valid claims within his Petition For Writ of Habeas Corpus and has a Constitutional Right to be heard. As such, the Plaintiff prays that this Honorable Court will order the Court Clerk to process any and all documents related to this matter without delay.

Respectfully Submitted

Dated this 9th day of August, 2017.

ANTHONY FOWLKES

CERTIFICATE OF SERVICE

I, Anthony Fowlkes do hereby certify that the original and 2 exact copies were properly provided to the Office of the Court Clerk, Faulkner County Circuit Courthouse, 510 South German LN., Conway, Ar. 72034.

Dated this 9th day of August, 2017

Anthony Fowlkes
801 Locust St.
Conway Ar. 72034

-2-

IN THE CIRCUIT COURT OF
FAULKNER COUNTY
STATE OF ARKANSAS

Anthony Fowlkes,
        Plaintiff,

VS.                          CASE NO. _____
                              (Civil Action)

Tim Ryals, Sheriff,
And
Gary Stewart, Doctor
Faulkner County Jail,
        Respondents/Defendants

PLAINTIFF'S SWORN AFFIDAVIT
FOR LEAVE TO PROCEED IN FORMA PAUPERIS

1, The Plaintiff, Anthony Fowlkes _____, being in a
pro se manner is requesting to the Court at this
time for leave to proceed in forma pauperis in
the above Named and styled cause. The Plaintiff
has submitted Plaintiff's Motion To Proceed In Forma
Pauperis in conjunction with this Sworn Affidavit.

2. The Plaintiff feels that he is entitled to
proceed without cost or prepayment based on

- 1 -

the fact that he is in fact indigent, wholey without
funds and can in no way obtain any funds due
to his present incarceration. The Plaintiff further
does not own any real property or have any type
of income at this time.

3. I, Anthony Fowlkes _____, being of sound mind
do hereby state under the penalty of perjury that the
foregoing is true and correct to the best of my knowledge
and belief.

Dated this _____ day of
_____, 2017.                    Anthony Fowlkes

Subscribed and sworn to me on this _____ day
of _____, 2017

NOTARY FOR THE                    My Commission Expires on.
STATE OF ARKANSAS


                                   Anthony Fowlkes
                                   Faulkner County Jail
                                   801 Locust Street
                                   Conway, Ar. 72034

- 2 -

IN THE CIRCUIT COURT OF
FAULKNER COUNTY
STATE OF ARKANSAS

Anthony Fowlkes,
        Plaintiff,
VS.                                    CASE NO.
                                         ( Civil Action )
Tim Ryals, Sheriff,
And,
  Gary Stewart, Doctor,
        Respondents/Defendants

ORDER TO PROCEED IN FORMA PAUPERIS

   The Plaintiff in the above named and styled
cause has requested for leave to proceed in forma
pauperis, after a review of the request, the Court
does hereby grant Plaintiffs request to proceed
without cost or prepayment of fees.

Dated this ____ day of
____, 2017                    Circuit Court Judge